{¶ 27} Because the State failed to produce "reasonable articuable evidence supporting a suspicion of criminality", I agree that the trial court erred in not quashing the subpoena. See State v. Spencer, supra, cited in the principle opinion. In Spencer, the majority effectively held that there was a legitimate basis to allow the trial court to determine whether the privilege was being asserted in conjunction with criminality or fraud. For if it was, the communications would be outside the privilege and thus properly subject to subpoena. In other words, the privilege would not exist. In State v. Smorgala, supra, (in which, dare I say, I was "privileged" to participate) the issue was not the existence of the statutory privilege. Rather, it was should the court judicially create a public policy exception to it. Like the court inSpencer, we need not reach that issue here. Our present case is similar to Spencer, but the lack of evidence to support a judicial inquiry into the validity of the assertion of the privilege requires an opposite result. In short, both Spencer and this case concern whether the privilege exists. Once it has been asserted and properly supported by some evidence that establishes the physician/patient relationship, the burden falls to the State to produce probable cause to believe the communication is not protected because it purports criminality or a fraud. Spencer at 339 and 341.
 {¶ 28} Thus, if the State can make the showing detailed inSpencer after conducting a more thorough investigation and presenting some evidence to the trial court, it might still obtain the records it seeks. *Page 12 
 JUDGMENT ENTRY
It is ordered that this JUDGMENT BE REVERSED and that Appellee shall pay the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 for the Rules of Appellate Procedure. Exceptions.
Harsha, J.: Concurs with Concurring Opinion.
 McFarland, J.: Concurs in Judgment Only. *Page 1